TYMKOVICH, C.J.,
concurring.
I fully join in Judge Moritz’s opinion and agree that the officers’ conduct here did not violate clearly established First Amendment precedent. I write separately to emphasize that Ms. Sause’s allegations fit more neatly in the Fourth Amendment context. And, I must add, either the officers here acted with extraordinary contempt of a law abiding citizen and they should be condemned, or, if Ms. Sause’s allegations are untrue, she has done the officers a grave injustice by manufacturing such reprehensible conduct.
It is axiomatic that an initially justified police encounter may nonetheless evolve into an unconstitutional seizure if, for example, the encounter is prolonged beyond the time reasonably required to complete the legitimate police objective justifying the encounter, or if the officers’ actions are not reasonably related in scope to that legitimate objective.[1] If we believe Ms. Sause’s allegations, this sort of devolution is what happened here.
The parties agree that Officers Lindsey and Stevens arrived at Ms. Sause’s home while investigating a noise complaint. But although the officers’ initial motives may have been legitimate, Ms. Sause’s complaint indicates the situation quickly devolved. According to the complaint, the officers were more preoccupied with harassing Ms. Sause than with conducting a legitimate police investigation. For example, while the complaint does not allege that the officers questioned Sause about the alleged noise complaint or their attendant investigation, Ms. Sause does allege that the officers:
(1) told her the Constitution and Bill of Rights were “nothing, [] just a piece of paper” that “[djoesn’t work here,” App. 13;
*1280 (2) threatened that their encounter was “going to be on ‘COPs’” (a television show), id.]
(3) told her to “get ready” because she was “going to jail,” and, although they did not yet know why she would be going to jail, that her bond would be $2,000, id.]
(4) demanded that she “[g]et up” and “[s]top praying” only to tell her that she “needfed] to move from here,” “to move back where [she] came from ... because no one like[d] [her] here,” id. at 14;
(5) flipped through a booklet, seemingly searching for a violation with which to charge Ms. Sause, see id., suggesting they were not going to proceed with charges for any alleged noise violation;
(6) issued Ms. Sause tickets for “Interference with Law Enforcement” and “Disorderly Conduct,” allegedly for not answering her door when the officers first approached, id.] and
(7) repeatedly (ie., three or four times) asked Ms. Sause to show them any tattoos or scars she had, including scars on her chest from a double mastectomy, id.
If true, Ms. Sause’s allegations are inconsistent with any legitimate law enforcement purpose capable of justifying a continuing police intrusion in her home. The officers deny the alleged conduct, although we assume for purposes of a motion to dismiss that the allegations are true. And we do not know whether the district court would find a constitutional violation in these circumstances or, if so, whether any violation would be clearly established.
But Ms. Sause did not make a Fourth Amendment claim on appeal and has only appealed the First Amendment cause of action. I agree First Amendment law is not clearly established for the reasons articulated by Judge Moritz in her well-written opinion.

. See, e.g., Illinois v. Caballes, 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005) (“It is [] clear that a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution. A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.”); Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty., 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004) ("To ensure that the resulting seizure is constitutionally reasonable, a Terry stop must be limited. The officer’s action must be justified at its inception and reasonably related in scope to the circumstances which justified the interference in the first place.’ ” (citation omitted; alteration incorporated)). See also, e.g., United States v. Tubens, 765. F.3d 1251, 1254 (10th Cir. 2014) (”[E]ven assuming, as the district court did, that the officers' investigation of Tubens escalated from a consensual encounter, ... the officers’ investigation [must be] both 'justified at its inception’ and 'reasonably related in scope to the circumstances which justified the interference in the first place.’ ” (citations omitted)); United States v. De La Cruz, 703 F.3d 1193, 1197 (10th Cir. 2013) (acknowledging that there may come a point during a police encounter at which any initial justification has “vanished” and, beyond that point, "[e]ven a very brief extension of the detention without consent or reasonable suspicion violates the Fourth Amendment” (citation omitted)).